

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-17-2007

# USA v. Pojilenko

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1354

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Pojilenko" (2007). *2007 Decisions*. Paper 1277.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1277

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-1354

UNITED STATES OF AMERICA

v.

EVGUENI POJILENKO,
                                        Appellant

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Crim. No. 02-cr-00254-2)
District Court: Hon. R. Barclay Surrick

Submitted pursuant to Third Circuit LAR 34.1(a)
January 8, 2007

Before: McKEE, AMBRO and FISHER, Circuit Judges.

(Opinion filed:  April 17, 2007)

OPINION

McKEE, Circuit Judge.

        Evgueni Pojilenko appeals his conviction on five counts charging RICO-

conspiracy, RICO-substantive offenses, extortion, possession with intent to distribute a

controlled substance and conspiracy to distribute.  For the reasons that follow, we will

affirm.

Inasmuch as we write primarily for the parties, we need not set forth a detailed factual or procedural background. It is sufficient to note that Pojilenko disputes his sentence based on the district judge's failure to meaningfully consider new evidence of his remorse and rehabilitation which occurred in the two year period between his original sentencing and the re-sentencing hearing, ordered on remand from this Court in accordance with *United States v. Booker*, 543 U.S. 220 (2005).

Following the Supreme Court's decision in *Booker*, it is clear that the Sentencing Guidelines are advisory. *Id.* at 245. Moreover, given our post-*Booker* jurisprudence, it is equally clear that the sentencing court may make factual determinations in applying the Guidelines so long as the resulting sentence is reasonable and the sentencing factors set forth at 18 U.S.C. § 3553(a) are given proper consideration. *See United States v. Cooper*, 437 F.3d 324, 329-30 (3d Cir. 2006).

Our inquiry is therefore limited to determining if the sentencing court properly considered the sentencing factors under § 3553(a); and if so, whether the resulting sentence is reasonable.

> The question is not how we ourselves would have resolved the factors identified as relevant by §3553(a) . . . nor what sentence we ourselves ultimately might have decided to impose on the defendant.

*Cooper*, 437 F.3d at 330 (citation omitted). This is because the sentencing court is in the best position to determine the appropriate sentence in light of the particular circumstances of the case. *See id.* We must therefore decide whether the District Court imposed the

2

sentence it did for reasons that are logical and consistent with the factors set forth in § 3553(a).  *Id.* at 329.

In imposing Appellant's sentence, the District Court considered the Guidelines, but clearly did not treat them as mandatory.  Stating that the Guidelines suggest a sentence of 108 to 135 months, the Court nonetheless found that a lower sentence than originally imposed was not appropriate given the seriousness of Appellant's crimes, even after considering "all factors."  The Court explained its concern for the protection of the public, as well as the need to deter others from the "chilling" activities engaged in by Appellant and the organization he was affiliated with, including a "brutal beating" and robbery of one individual and the robbery of two others, as well as the possession with intent to distribute controlled substances, among other things.

"Although a within-guidelines range sentence is more likely to be reasonable than one that lies outside the advisory guidelines range, a within-guidelines sentence is not necessarily reasonable *per se*."  *Cooper*, 437 F.3d at 331.  The resulting sentence of 168 months, although lengthy, was certainly not unreasonable.  It is clear from the transcript of the sentencing proceeding that the sentencing court properly applied § 3553(a), and considered the factors the court deemed relevant to Appellant's circumstances and background, as well as the characteristics of the offense.

Appellant suggests, without citation, that to meet the new reasonableness standard under *Booker*, a sentencing judge should be required to consider current information on the factors listed in § 3553(a).  He points out that his Presentence Report was not updated

to reflect new information reflecting his newfound remorse and the steps he was taking to obtain his G.E.D.  Nonetheless, Appellant was permitted to present this information to the Court through Appellant's Sentencing Memorandum and its accompanying exhibits that contained eleven letters regarding his good character, a letter from Appellant expressing his remorse, and a letter from a psychologist who interviewed Appellant during his incarceration and concluded that Appellant had accepted responsibility for his crimes. After listening to an oral presentation by Appellant's counsel and his proffer of the Memorandum, the judge indicated: "I have read that memorandum and I have read all of the exhibits that were attached to it."

Appellant claims that there is no evidence that the judge gave consideration to the recent, relevant information about Appellant's history and characteristics.  That claim is inconsistent with the record. While the judge did not directly address the new evidence of remorse and rehabilitation when imposing sentence, he did indicate that he had read the materials presented by Appellant, that he understood the guidelines suggested a sentence of between 108 to 135 months, and that "all factors being considered," in light of the seriousness of Appellant's crimes he was compelled to impose the original sentence.

Having reviewed the record as a whole, we conclude that the Court adequately considered the § 3553(a) factors and reasonably applied them to the circumstances here. We therefore find the sentence was reasonable.

For the reasons set forth above, we will affirm the judgment of sentence.